# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES E. TASKER, # 178062 | * | |
| Petitioner | * | |
| v. | * | Civil Action Case No. AW-11-1869 |
| STATE OF MARYLAND | * | |
| Respondent | * | |

## MEMORANDUM

Counsel for Respondent moves to dismiss James E. Tasker's ("Tasker') Petition for Writ of Habeas Corpus as time-barred. For reasons to follow, the court will grant petitioner twenty-eight days to move for appointment of counsel.

**Procedural Background**

In June of 1985, Tasker was convicted in the Circuit Court for Harford County of first-degree rape, first-degree sexual offense, third-degree sexual offense, and assault with intent to commit a first-degree sexual offense. On August 22, 1985, the Circuit Court sentenced Tasker to life imprisonment for first-degree rape, a concurrent life sentence for first-degree sexual offense, a consecutive one-year sentence for third-degree sexual offense, and a seven-year consecutive sentence for assault.

On August 23, 1985, Tasker, by his then counsel, filed a motion for modification for reduction of sentence. Resp. Ex. 2. It appears the motion was never ruled upon by the Circuit Court for Harford County. On September 9, 1985, Tasker filed an application for review of sentence by a three-judge panel, which was denied on December 19, 1985. On April 17, 1986,

Tasker's judgment of conviction was affirmed on direct appeal by the Court of Special Appeals of Maryland. Tasker did not pursue further review in the Court of Appeals of Maryland.

On February 4, 1999, Tasker filed a petition for post-conviction relief in the Circuit Court for Harford County, which he subsequently withdrew on December 29, 1999. He filed another petition for post-conviction relief on October 10, 2000. That petition, as amended, was considered at a post-conviction hearing on May 15, 2009. On July 20, 2009, the Circuit Court denied post-conviction relief, after finding that Tasker had failed to demonstrate ineffective assistance of counsel, prosecutorial misconduct, or a violation of his right to a speedy trial. Tasker's application for leave to appeal the ruling of the state post-conviction court was summarily denied by the Court of Special Appeals on June 28, 2010. The Court of Appeals of Maryland denied further review.[1]

Tasker filed a motion for a new trial on October 27, 2009, which was denied on October 28, 2009. His second motion for modification or reduction of sentence was filed on November 16, 2009, and denied on November 23, 2009. He filed a second motion for a new trial on February 2, 2010, which was denied on March 11, 2010. Tasker filed the instant motion for federal habeas corpus relief under 28 U.S.C. § 2254 on July 6, 2011.[2]

**Discussion**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This one-year period is tolled while

---

[1] Respondent notes the Court of Appeals of Maryland has no jurisdiction to grant post-conviction relief when the Court of Special Appeals has simply denied an application for leave to appeal in a post-conviction proceeding. *See* Response, n. 3.

[2] The court assumes for the purpose of assessing timeliness that the Motion was filed on July 6, 2011, the date his cover letter was signed and delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d); [3] *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The question presented here is whether Tasker's August 23, 1985, Motion for Modification of Sentence, which is arguably still pending, served to statutorily toll the running of the limitations period under 28 U.S.C § 2244(d). Respondent's position is that the Motion for Modification does not amount to a properly filed application for State post-conviction or other collateral review that served to toll limitations period under 28 U.S.C. § 2244(d)(1)(A).[4] Respondent argues that Tasker's § 2254 Motion is time-barred because the one-year statute of

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] Respondent further asserts that Tasker abandoned the Motion for Modification when he subsequently filed post-conviction proceedings, and notes that he neither mentioned the Motion nor otherwise affirmatively stated that the Motion was pending when he filed other pleadings. Resp. Exhibits 3 and 4.

3

limitations set forth in 28 U.S.C § 2244(d) started to run on April 25, 1996, and expired on April 24, 1997. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998) (providing a one-year grace period for habeas petitioners whose convictions became final before April 24, 1996); *Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000).

Recently, in *Wall v Kholi*, 562 U.S._, 131 S. Ct. 1278 (2011), the Supreme Court considered whether a motion to reduce sentence under Rhode Island law tolled the limitations period set forth under 28 U.S.C. § 2244(d)(1)(A) for the purpose of constituting "post-conviction or other collateral review with respect to the pertinent judgment" as stated in 28 U.S.C. § 2244(d)(2). *See Kholi*, 131 S.Ct. at 1281–82. The Court held "that the phrase 'collateral review' in § 2244(d) (2) means judicial review of a judgment in a proceeding that is not part of direct review," *id*. at 1282, and reasoned that "[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas was therefore timely." *Id.*[5]

Respondent argues that by limiting its analysis to Rhode Island law, the Court in *Kholi* "clearly anticipated that motions to reduce sentences may not meet the definition of 'collateral review' in states where the procedural framework differ[s] materially." Resp. Memo p. 8. Further, respondent urges adoption of the Eleventh Circuit's analysis of *Kholi* in *Baker v. McNeill*, 2011 WL 3612035 (11th Cir. August 11, 2011), pet. cert. filed September 26, 2011

---

[5] *Kholi* abrogated *Walkowiak v Haines*, 272 F.3d 234, 237 (4th Cir. 2001) which had instructed that determining collateral review turns on whether the motion is part of the criminal case or is a separate proceeding.

(No. 11-6769) to decide whether Tasker's limitations period was tolled by his initial Motion for Modification for Reduction of Sentence.[6]

In *Baker*, the Eleventh Circuit reaffirmed its prior ruling that a motion to reduce sentence under Florida state law did not toll the limitations period. The Eleventh Circuit reasoned that unlike Rhode Island, Florida had specific and separate rules that allowed defendants to challenge a sentence by way of direct review (and subject to appellate review) or by way of request for leniency ( not subject to direct appellate review). Respondent argues Maryland law similarly distinguishes between direct appeal and requests for leniency. "Like Florida, Maryland's procedural framework does not require federal courts to make difficult distinctions between legal challenges to sentences and request for leniency because those claims for relief are governed by separate rules." Resp. p. 7, ¶12.

Since the question raised here has not been considered in this Circuit and petitioner is a self-represented litigant, the court would be inclined to grant a request filed by petitioner for appointment of counsel for the limited purpose of assessing whether this petition is timely-filed. The Court will grant Petitioner twenty-eight days to file a motion requesting appointment of counsel.

November 9, 2011                                     /s/
                                                     Alexander Williams, Jr.
                                                     United States District Judge

---

[6] To date, the Eleventh Circuit is the only Circuit to have occasion to apply *Kholi*.