## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES E. TASKER,                              *

            Petitioner                    *

     v.                                       *    Civil Case No. AW 11-cv-1869

STATE OF MARYLAND,                       *

            Respondent.              *
                                 ***

### MEMORANDUM

Before the Court is James E. Tasker's ("Tasker") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] ECF No. 1.   Respondent, through counsel, has filed a limited Answer seeking dismissal of the Petition as time-barred.  ECF No. 10.  Tasker, by counsel, has filed a Response in opposition (ECF No. 19) to which Respondent has filed a reply (ECF No. 24). Tasker has also filed a supplemental briefing in opposition to Respondent's Motion to Dismiss. ECF No.  25.  Upon review of the pleadings, exhibits, and applicable law, this Court deems a hearing unnecessary to resolve the issues. *See* Rule 8, "Rules Governing Section 2254 Cases in the United States District Courts" and Local Rule 105.6 (D. Md. 2011).  For reasons to follow, the Petition will be dismissed as time-barred and a Certificate of Appealability will be granted by separate Order.

### PROCEDURAL BACKGROUND

In June of 1985, Tasker was convicted in the Circuit Court for Harford County of first-degree rape, first-degree sexual offense, third-degree sexual offense, and assault with intent to commit a first-degree sexual offense.  On August 22, 1985, the Circuit Court sentenced Tasker to

---

[1]   Tasker filed the Petition pro se. This Court subsequently appointed counsel for him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B).

life imprisonment for first-degree rape, a concurrent life sentence for first-degree sexual offense, a consecutive one-year sentence for third-degree sexual offense, and a seven-year consecutive sentence for assault.

On August 23, 1985, Tasker, by his then counsel, filed a Motion for Modification or Reduction of Sentence under Maryland Rule 4-345(b).  ECF No. 10, Exhibit 2.  It appears the Motion was never ruled upon by the Circuit Court for Harford County. [2]

On September 9, 1985, Tasker filed an application for review of sentence by a three-judge panel, which was denied on December 19, 1985.  On April 17, 1986, his judgment of conviction was affirmed on direct appeal by the Court of Special Appeals of Maryland.  Tasker did not pursue further review in the Court of Appeals of Maryland.

On February 4, 1999, Tasker filed a Petition for Post-Conviction relief in the Circuit Court for Harford County, which he withdrew on December 29, 1999.  He filed another Petition for Post-Conviction relief on October 10, 2000.  A hearing was conducted on May 15, 2009, and on July 20, 2009, the Circuit Court denied post-conviction relief.   Tasker's application for leave to appeal the ruling of the state post-conviction court was summarily denied by the Court of Special Appeals on June 28, 2010.  The Court of Appeals of Maryland denied further review.[3]

Tasker filed a motion for a new trial on October 27, 2009, which was denied on October 28, 2009.  His second Motion for Modification or Reduction of Sentence was filed on November 16, 2009, and denied on November 23, 2009.   He filed a second motion for a new trial on

---

[2] Respondent argues Tasker "abandoned" and "expressly disavowed" this motion. ECF No. 10 n. 4; ECF No. 24 at 3-4.

[3] Respondent notes the Court of Appeals of Maryland has no jurisdiction to grant post-conviction relief when the Court of Special Appeals has simply denied an application for leave to appeal in a post-conviction proceeding.  ECF No. 10. n. 3.

February 2, 2010, which was denied on March 11, 2010.  Tasker filed this Petition on July 6,

2011, the date it was signed and delivered to prison authorities for mailing. *See Houston v. Lack*,

487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act 0f 1996 (AEDPA),  a one-

year limitations period applies to federal petition for habeas corpus filed by state prisoners.[4]  The

limitations period typically begins running on "the date on which the judgment became final by

the conclusion of direct review or the expiration of the time for seeking such review." *Id*.

---

[4]  The provision is codified at 28 U.S.C § 2244(d).

      1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

           (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

           (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

           (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

           (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

§ 2244(d)(1)(A). The statute provides "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the one- year limitation period for filing a federal habeas petition under 28 U.S.C. § 2244(d)(2).   The limitations period is also subject to equitable tolling. *See Holland v.* Florida, _ U.S. _, 130 S.Ct. 2549, 2562 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328-31 (4th Cir. 2000). The question presented in this case is one of first impression in this district: in light of the Supreme Court's ruling in *Wall v Kholi*, 562 U.S._, 131 S.Ct. 1278, 1286-87 (2011), does a Motion for Modification or Reduction of Sentence under Maryland law toll the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).

## I.      One-Year Limitation Period

Tasker's conviction became final before AEDPA was enacted.   His judgment of conviction became final in 1986, after his conviction was affirmed by the Court of Special Appeals of Maryland on April 17, 1986, and after the time to request further review of this decision by the Court of Appeals of Maryland expired.   Where, as here, a judgment became final before AEDPA's effective date (April 24, 1996), the one-year statute of limitations under 28 U.S.C. § 2244(d) is deemed to commence on April 25, 1996. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998) (providing a one-year grace period for habeas petitioners whose convictions became final before April 24, 1996); *see also Hernandez v Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (ruling the final day of the one-year limitations period for convictions that became final prior to April 24, 1996 is April 24, 1997).

Respondent argues that during the time period between April 25, 1996 and April 24, 1997, Tasker had not properly filed state post-conviction or other collateral proceedings related

to the case pending to toll the limitations period, and consequently, the case is time-barred. Tasker counters the Petition is timely because his August 23, 1985 Motion for Modification or Reduction of Sentence tolled the limitations period under 28 U.S.C § 2244(d)(2).[5]

## II.      Statutory Tolling

The purpose of the statutory tolling provision set forth at 28 U.S.C. § 2244(d)(2) is to allow exhaustion of state remedies.  *See Kholi*, 131 S. Ct. at 1288, citing *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). "Tolling the limitation period for all 'collateral review' motions provides both litigants and States with an opportunity to resolve objections at the state level, potentially obviating the need for a litigant to resort to federal court.  If, for example, a litigant obtains relief on state-law grounds, there may be no need for federal habeas."  *Kholi,* at 1288.  In this way, the statute furthers principles of comity, finality, and federalism.  *See id*, citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000).

## III.     Motion for Modification of Sentence

Tasker's August 23, 1985 Motion for Modification or Reduction of Sentence, filed pursuant to Maryland Rule 4-345, reads in part:

> … Petitioner believes that the sentence involved is too severe and would be a proper subject for reconsideration or modification by the Honorable Court for the reason that in view of the circumstances surrounding the case, the sentence imposed is inappropriate.

---

[5]   The limitation period is also subject to equitable tolling where a petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing *Harris*, 209 F.3d at 330). Tasker does not raise equitable tolling, nor do the facts presented warrant equitable tolling. Tasker shows neither diligent pursuit of his rights nor extraordinary circumstance stood in his way to prevent timely filing of his federal habeas petition.

The Petitioner believes that it is within this Court's power, under the provisions of Rule 4-345b of the Maryland Rule, to modify or reduce the sentence in question and respectfully suggests that the Court do so at this time.

ECF No. 10, Exhibit 2.

In 1985, when Tasker, then represented by an assistant public defender, filed his Motion

for Modification of Sentence, Maryland Rule 4-345 provided:

(a)  The court may correct an illegal sentence at any time.

(b) The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. The court may modify or reduce or strike, but may not increase the length of, a sentence. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this rule.

(c) The court may modify, reduce, or vacate a sentence only on the record in open court after notice to the parties and an opportunity to be heard.

(d) At any time before expiration of the sentence in a case involving desertion and non-support of spouse, children or destitute parents, the court may modify, reduce, or vacate the sentence of place the defendant on probation under the terms and conditions the court imposes.

Former Md. Rule 4-345 (1985); *see also* current Md. Rule 4-345 (2012).[6]

---

[6]  A five-year limit on the court's authority to modify a sentence was added to the Rule effective July 1. 2004. Notably, this time limit does not apply to Tasker's 1985 Motion for Modification. *See* Md. Rule 4-345 (2011). In 2001, the sections in the Rule were renumbered. Revisionary power for fraud, mistake, or irregularity are separately set forth at Md. Rule 4-345(b) and the provision for modification of sentence is at Md. Rule 4-345(e).

  Currently, Md. Rule 4-345, Sentencing- Revisory Power of the Court provides in pertinent part:

(a) Illegal Sentence. The court may correct an illegal sentence at any time.
(b) Fraud, Mistake, or Irregularity. The court has revisory power over a sentence in case of fraud, mistake, or irregularity.
(c) Correction of Mistake in Announcement. The court may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding.
(d) Desertion and Non-support Cases. At any time before expiration of the sentence in a case involving desertion and non-support of spouse, children, or destitute parents, the court may modify, reduce, or

Tasker posits his case presents the exact question considered by the Supreme Court in its 2011 *Kholi* decision, and urges this Court to find his 1985 Motion tolled the one-year limitations period. In deciding *Kholi*, the Supreme Court held that a post-conviction motion to reduce or modify sentence under Rhode Island law triggered statutory tolling under § 2244(d)(2) because the motion was outside the direct review process and required the state court to reexamine the appropriateness of the prisoner's sentence, *See Kholi* 131 S. Ct. at 1282, 1285.  In reaching this decision, the Court defined the term "collateral review" as "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id* at 1285.

A motion filed pursuant to Rule 35 permits a court to provide relief from a sentence in three ways:  a court "may" "correct an illegal sentence," "correct a sentence imposed in an illegal manner," and "reduce any sentence." R.I. Super. Ct. Rule Crim. Proc. 35(a).[7]  The federal district

---

vacate the sentence or place the defendant on probation under the terms and conditions the court imposes.

(e) Modification Upon Motion.

(1) Generally. Upon a motion filed within 90 days after imposition of a sentence (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence.

[7]  Rhode Island Rule 35 provides:

(a) Correction or reduction of sentence. The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court shall act on the motion within a reasonable time, provided that any delay by the court in ruling on the motion shall not prejudice the movant. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation.

(b) Increase in sentence. Within twenty (20) days after the filing of a motion to reduce a sentence, the attorney general may file a motion for an increase in said sentence. The

court in Rhode Island adopted the view that a Motion to Reduce Sentence under Rhode Island law did not constitute collateral review under § 2244(d)(2) because it was a plea for leniency to be decided at the discretion of the judge, not a motion challenging the sufficiency of the sentence. *See Kholi*, 131 S.Ct at 1285.  The United States Court of Appeals for the First Circuit disagreed.  In doing so the First Circuit agreed with precedent from the Tenth Circuit [8] rather than with case law from the Third, Fourth, and Eleventh Circuits.[9] The Court granted certiorari in *Kholi* to resolve the split among the circuits.

The Supreme Court noted that disposition of a Motion to Reduce Sentence in Rhode Island was subject to a set of standards that were reviewable on appeal, concluding that  not only is a motion to reduce sentence under Rhode Island law  "collateral," but it also undoubtedly calls for "review" of the sentence. The decision to reduce a sentence, while largely within the discretion of the trial justice, involved judicial reexamination of the sentence to determine whether a more lenient sentence was proper. *Kholi*, 131 S.Ct. at 1286-87; *see also Carey v. Saffold,* 536 U.S. 214, 219 (2002) (describing typical collateral review process among states as involving a level of trial court review and a level of appellate review).

---

court on its own motion, after the filing of a motion to reduce a sentence, may increase
said sentence. Whenever a judge increases a sentence, the reasons for so doing must be
made part of the record and must be based on objective information concerning
identifiable conduct on the part of the defendant occurring after the time of the original
sentencing proceeding.

*Kholi*, 131 S.Ct. at 1282; R. I. Super. Ct. Rule Crim. Proc. 35(a) (2010).

[8]  *Robinson v. Golder*, 443 F.3d 718, 720–721 (10th Cir. 2006) (per curiam).

[9]  *Kholi* abrogated *Alexander v. Secretary, Dept. of Corrections*, 523 F.3d 1291 (11th Cir. 2008); *Hartmann
v. Carroll*, 492 F.3d 478 (3rd Cir. 2007); and *Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001).  The
Court rejected the Fourth Circuit's reasoning in *Walkowiak*  that the phrase "collateral review" turns on
whether the pleading was captioned as part of the criminal case or as a separate proceeding.  *See Kholi,* 131
S.Ct. at 1288.

The Court rejected Rhode Island's interpretation of §2244(d)(2) which would require courts to separate motions for a reduced sentence into two categories: those that challenge a sentence on legal grounds and those that merely ask for leniency. *Kholi,* 131 S. Ct at 1288.   The Court said this taxonomy was "problematic" and would "greatly complicate the work of federal habeas courts." *Id.*   The Court stated: "We do not think that § 2244(d)(2) was meant to require federal habeas courts to draw the sort of difficult distinction that Rhode Island's interpretation would demand." *Id.*

Respondent posits the Maryland Rule at issue here is very different than the Rhode Island rule considered in *Kholi*.   Further, Respondent avers the Supreme Court's decision in *Kholi* clearly anticipated that a motion to reduce sentence might not meet the definition of "collateral review" in states where the procedural framework differed materially from Rhode Island.   *See e.g. Kholi*, 131 S. Ct. at 1281 ("The question in this case is whether a motion to reduce sentence under Rhode Island law tolls the limitations period…"); *Kholi*, 131 S.Ct. at 1283 (stating certiorari was granted  "to answer this question with respect to a motion to reduce sentence under Rhode Island law"); *Kholi*, 131 S.Ct. at 1285 (applying "definition of 'collateral review' to a Rule 35 motion to reduce sentence under Rhode Island law"); *Kholi*, 131 S.Ct. at 1283 ("we consider whether Rhode Island's Rule 35 motion to reduce sentence is an application for 'collateral review'").

The United States Court of Appeals for the Fourth Circuit has not ruled on the issue at bar. To date, the only Circuit to decide a case based on *Kholi* is the Eleventh Circuit in *Baker v. McNeill*, 439 Fed. Appx.786 (11th Cir. 2011), *cert. denied*, _U.S._,  132 S. Ct. 1633 (February

27, 2012).[10]  *Baker*, remanded by the Supreme Court in light of *Kholi*, *see Baker v. Buss*, _ U.S. _, 131 S. Ct. 1715 (2011), involved a motion to reduce sentence under Florida Rule of Criminal Procedure 3.800 (c).[11]  The Eleventh Circuit held a motion to reduce sentence did not trigger tolling under § 2244(d), reasoning that Florida law delineates a specific rule for challenging a sentence subject to legal review [12] and a separate rule for requesting leniency which is not subject to direct appellate review.  *See Baker,* 439 Fed. Appx.  at 787-89.   Unlike the Rhode Island,  "Florida permits sentencing challenges on direct appeal, through a separate rule, Florida Rule of Criminal Procedure 3.800(a) (stating that a court may correct an illegal sentence at any time), and through the post-conviction process."  *Id.* at 788.   Additionally, a Florida Rule

---

[10]   In *Ritchie v. Ferriter*, 472 Fed. Appx. 840 (9th Cir. May 10, 2012); cert. denied. 133 S.Ct. 539 (October 29, 2012), the United States Court of Appeals for the Ninth Circuit "assum[ed] without deciding" the limitations period was statutorily tolled during the pendency of a motion to review sentence, and remanded the case for consideration whether equitable tolling applied.

[11]  Florida Rule of Criminal Procedure 3.800 (c) provided:

> A court may reduce or modify .... a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

[12]   Florida Rule of Criminal Procedure 3.800(a) stated:

> A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing score sheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under subdivision (b)(1) or during the pendency of a direct appeal.  All orders denying motions under this subdivision shall include a statement that the movement has the right to appeal within 30 days of rendition of the order.

3.800(c) motion "is not a vehicle for raising legal error in the sentence. It vests the trial court with absolute discretion to mitigate a sentence" *Id*.

The court further differentiated the Florida law from Rhode Island practice by stating that "Florida law does not permit an appeal from the court's disposition of a Rule 3.800(c) motion and provides no mechanism for appellate review and has no applicable legal standards for the trial judge to consider in granting or denying the request." *Id*. (citing supporting cases).  The court noted that only procedural issues concerning a Rule 3.800(c) motion were reviewable by certiorari. *See id*.

Lastly, the Eleventh Circuit found a "vital distinction" between the rules at issue in *Kholi* and the Florida rule:

> In deciding *Kholi*, the Court relied heavily upon the fact that its interpretation would not complicate the work of the federal habeas court because it would not require federal courts to separate motions for reduced sentence into different categories. That concern is not present in Florida because Rule 3.800(c) clearly is only a request for leniency. The Rhode Island rule is not solely a request for leniency, and it provides guiding legal principles for the trial court in making its decision. Thus, it is not part of the direct review process and is instead part of the collateral review process. The Court rejected the state's version because it would "greatly complicate the work of the federal habeas courts" by requiring the courts "to 789 separate motions for a reduced sentence into two categories: those that challenge a sentence on legal grounds and those that merely ask for leniency." *Kholi,* 562 U.S. at ——, 131 S.Ct. at 1288. To the contrary, Florida law delineates clearly its motions in separate rules—Rule 3.800(a) seeks relief directed to the legality of the sentence and Rule 3.800(c) requests only pleas for mercy. Thus, under the Florida rules at issue here, there is no collateral review—"judicial review that occurs in a proceeding outside of the direct review process"—as described in *Kholi*, 131 S.Ct. at 1289, that occurs pursuant to Rule 3.800(c).

*Baker,* 439 Fed. Appx. at 788-89.

**IV.    Petitioner's Position**

Tasker asserts his Motion for Modification, a request for leniency, fits squarely into the definition of collateral review as defined in *Kholi*.  ECF No. 19 at 7.  He indicates "a majority" of district courts within circuits which previously held that a Motion for Modification of Sentence does not toll the limitations period have since *Kholi* found such motions timely.  *See id*. at 7-9; *see also Morris v. Phelps*, 804 F. Supp. 2d 169, 173 n. 3 (D. Del. 2011) (stating *Kholi* "expressly rejected" the type of bifurcated analysis used by the Third Circuit in *Hartmann v. Carroll*, 492 F.3d 478 (3d Cir. 2007);[13] *Mowrey v. Smith*, 2011 WL 2493570 (D. Id. 2011) (ruling a motion for reduction of sentence under Idaho law qualified as collateral review to toll the limitations period).

Tasker argues Rule 4-365(b), like Rule 35 in Rhode Island, is subject to review because all sentences in Maryland, whether addressed at initial sentencing or on a Motion to Modify or Reduce Sentence "are always subject to appellate review under certain circumstances."  For example, denial of a Motion to Modify Sentence is appealable if "tainted by illegality, fraud, or duress." *See Hoile v State*, 404 Md. 591, 615 (2008) (quoting *Costello v. State*, 237 Md. 464 (1965)).  Additionally, a grossly disproportionate sentence implicates Article 12 of the Maryland Declaration of Rights. *See Thomas v. State*, 333 Md. 84, 96-97 (1993) (challenges based on proportionality entertained only where the punishment is "truly egregious").

Additionally, Tasker argues that holding his 1985 Motion for Modification tolled the limitations period will advance the stated purposes of § 2244(d):  permitting  the state to correct any errors and grant discretionary relief, as appropriate, thereby potentially eliminating or

---

[13]   The district court noted the Petition remained untimely regardless of whether statutory tolling applied. *See Morris*, 804 F. Supp. 2d at 173 n. 3.

narrowing the need for federal habeas review in furtherance of the principles of comity, finality and federalism.

## V.     Respondent's Position

### A.  Abandonment and Disavowal

Respondent contends Tasker's 1985 Motion for Modification "was abandoned and expressly disavowed" because his petitions for post-conviction relief filed in 1999, 2000, and 2009 failed to mention his 1985 Motion for Modification.  ECF No. 10 at Exhibits 3, 4, and 8. ECF No. 24 at 3.  Tasker filed the latter petitions pro se and while incarcerated; accordingly, this Court is reluctant to equate silence to deliberate abandonment and disavowal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (affording liberal construction to pro se pleadings); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); *see also Kholi v. Wall*, 582 F.3d 147, 151 (1st Cir. 2009) (giving discretionary latitude to habeas petitioner who failed to mention a prior pleading).[14]

### B.  Maryland Rule 4-345 Distinguished

Respondent distinguishes Maryland Rule 4-345(b) from the Rhode Island rule in *Kholi* in several ways.  First, Respondent argues the Maryland Rule does not raise legal error in the sentence; rather, it is wholly a plea for leniency, and the ruling is not subject to a set of specific legal standards, nor is appealable. *See Hoile*, 404 Md. At 615-16 (2008) (no direct appeal from the denial of a motion to reduce or modify a legal sentence); *Carter v State*, 193 Md. App. 193, 207 (Md. App. 2010) ("A motion to modify a sentence that does not allege an error of law, but is addressed to the court's discretion, is not the proper subject of appeal), citing *Hoile* at 404 Md.

---

[14]  Tasker indicated in the state Petition that no other appeals or collateral post-conviction remedies had been sought. ECF Nos. 10, Ex. 3 at 2, ¶4; ECF No.10, Ex. 4 at 2, ¶ 4.

616-18;  *Howsare v. State,* 185 Md. App. 369, 380 (Md. App. 2009) (denial of a motion to modify sentence is not appealable).

Next, Respondent notes that the framework for revising a sentence in Maryland, like Florida and unlike Rhode Island, does not require the federal habeas court "to separate motions for a reduced sentence into two categories: those that challenge a sentence on legal grounds and those that merely ask for leniency." *Kholi*, 131 S. Ct at 1288.   Like Florida, Maryland provides for direct challenges to the legality of a sentence through a separate rule, Rule 4-345(a), which authorizes the court to correct an illegal sentence at any time. *See State v. Kanaras*, 357 Md. 170, 180-84 (1999) (holding the denial of a motion to correct an illegal sentence is appealable); *accord Hoile*, 404 Md. at 617.   In Maryland, a decision on a Motion to Correct an Illegal Sentence under Rule 4-345(a) is subject to standards and appealable.  *See State v. Wilkins*, 393 Md. 269, 273-74 (2006); *Pollard v. State*, 394 Md. 40, 47 (2006).   Given this structure, Respondent contends that this court need not address the difficult distinctions referenced in *Kholi.*

Another difference is that in Rhode Island, "defendants cannot raise any challenge to their sentences on direct appeal; instead they must bring a Rule 35 motion." *Kholi*. at 1286 n. 3. Respondent thus reasons that in Rhode Island a Rule 35 motion may be needed to complete state exhaustion for federal habeas review where the sentence imposed is attacked.  ECF No. 24 at 5 (noting that among the state cases cited by the Supreme Court in *Kholi* as supporting Rhode Island's jurisdictional requirement of a Rule 35 proceeding for sentence review, including "the validity or legality of a sentence," was *State v. McManus*, 990 A.2d 1129, 1238 (R.I. 2010), a case in which the state court refused to consider an Eighth Amendment challenge to a sentence

on direct appeal without the defendant first filing a Motion to Reduce under Rule 35).

Respondent reasons that Rhode Island practice requires a Rule 35 motion to exhaust claims,

including constitutional claims, before the state courts as well as a prerequisite to appellate

sentence review. ECF No. 24 at 5.   In contrast, Maryland Rule 4-345(b) addresses solely trial

court discretion to grant leniency.  Tasker's March 23, 1985 motion for leniency under Maryland

Rule 4-345(b) would not exhaust claims cognizable in federal habeas review.[15]

Respondent also observes that Rule 4-345(b) is not a prerequisite for appellate review, as

no appellate review lies from a motion under Maryland Rule 4-345(b),  *see Hoile v. State*, 404

Md. 591, 615-16 (2008), citing *Costello v. State*, 237 Md. 464, 469-70 (1965), and the motion

does not toll the time for noting a direct appeal. *See* Md. Rule 8-202.

Lastly, Respondent asserts that finding tolling where a Motion for Modification  or

Reduction of Sentence presents no challenge to the lawfulness of a sentence, serves no part in

exhausting state court remedies, may be held in state court for an indefinite period of time, and is

unreviewable by an appellate court is contrary to promoting finality of judgment.

## VI.    Analysis

The Supreme Court repeatedly stated in *Kholi* that it was addressing the procedure under

Rhode Island Rule 35.  *See infra* at 9**.**  This Court finds that Maryland's Rule 4-345 provides

specifically delineated and separate routes for challenges the legality of a sentence and is part of

a fundamentally different framework than the Rhode Island Rule practice considered in *Kholi*.

Rhode Island's proposed taxonomy dividing Rule 35 motions  into those that "challenge a

sentence on legal grounds and those that merely ask for leniency," which was rejected  as

---

[15]   Tasker's  pro se federal Petition claims violation of the right to speedy trial, Fifth Amendment
violations,  ineffective assistance of counsel, and improper suppression of evidence. ECF No. 1. Tasker
does not appear to contest his sentence.

"problematic" and burdensome, *Kholi*, 131 S. Ct. at 1288,  does not pose such complications under Maryland's procedural framework.

Tasker's suggestion that tolling the statute of limitation under § 2244(d)(2) would promote the purposes of the AEDPA is unpersuasive.  Tasker's March 23, 1985 Motion for leniency under the Maryland Rule can neither address nor exhaust a cognizable federal claim on habeas review.  Tasker is in effect asking to toll the time for federal review for a period in excess of 25 years, and perhaps indefinitely, predicated on a Motion that asks purely for leniency, is not subject to review, and does not present a cognizable federal claim requiring exhaustion.  To hold as Tasker requests would undermine the stated goals of the AEDPA statute.

## CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, this Court is required to decide whether a Certificate of Appealability (COA) should issue.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003); Rule 11(a), "Rules Governing Section 2254 Cases." A Petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)).  This case presents a question of first impression, and the Fourth Circuit has not had occasion to consider *Kholi*.  Because Tasker's continued custody

16

implicates matters of constitutional dimension and there may be debate on whether the Petition is timely, this Court deems it appropriate to issue a Certificate of Appealability.

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus will be DENIED AND DISMISSED as time-barred and a Certificate of Appealability Shall Issue by separate Order to follow.


Dated:  January 31, 2013                                          _____/s/_____

                                                                          Alexander Williams, Jr.
                                                                          United States District Judge

17